J-A02026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| P.S. and R.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.D. | : | |
| | : | |
| Appellant | : | No. 1502 WDA 2019 |

Appeal from the Order Entered September 17, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD 12-7609-008

BEFORE:  SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED DECEMBER 30, 2019**

C.D. ("Mother") appeals from the interim custody order dated September 6, 2019 and entered on September 17, 2019 which declared, in part, that P.S. and R.S. ("Appellees") have standing to pursue a complaint for custody of S.B. who was born in February, 2010 ("Child").  As this is an interlocutory order, we are constrained to quash Mother's appeal.

Mother and D.B. ("Father"), who never married, are the biological parents of Child.  In 2012, primary custody of Child was awarded to Father. Although Mother was not awarded formal custody, she often exercised partial custody.  Moreover, Mother and Father lived together on and off throughout the years following the award of primary custody to Father in 2012.

In July 2017, Appellees became acquainted with Father who served as their automobile mechanic.  Appellee, R.S., later worked as a housekeeper

and babysitter for Child, both in Appellees' home and in Mother's and Father's home.

On November 17, 2017, Father, who was diagnosed with leukemia, was hospitalized. That same day, Child moved in with Appellees. On February 6, 2018, Appellees filed a complaint in confirmation of custody seeking confirmation of their primary physical and legal custody of Child. In a consent order entered February 6, 2018, Mother agreed to allow Appellees to have both primary physical custody and legal custody of Child until such time as Father was released from the hospital and could care for Child.

When Father was released from the hospital in February 2018, he moved into Appellees' home and continued to reside there with Appellees and Child until his death in April 2019. On April 24, 2019, Appellees filed a complaint for custody as intervenors alleging that they stood *in loco parentis* to Child. Following a hearing on September 6, 2019, the trial court found that Appellees stood *in loco parentis* to Child and, therefore, had standing to intervene. The trial court also entered an interim order, later amended, which awarded Appellees primary physical custody of Child and shared legal custody with Mother. Mother filed a timely appeal from the interim order and concomitantly filed her concise statement of errors complained of on appeal ("concise statement") pursuant to Pa.R.A.P. 1925(b). In her concise statement, Mother sought "appellate review of the [t]rial [c]ourt's collateral determination that [Appellees] have standing to pursue their [c]omplaint for [p]rimary [p]hysical

and [l]egal [c]ustody of [Child]".  Concise Statement of Errors Complained of on Appeal, 1/4/19, at 1.

On October 18, 2019, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) in which it concluded that Mother's appeal should be quashed as the interim order of September 17, 2019 granting Appellees standing and awarding them primary physical and legal custody was an interlocutory order.  After careful consideration, we agree.

In her brief, Mother concedes that the order at issue is not a final order under Pa.R.A.P. 341 nor is the order an interlocutory order appealable by permission under Pa.R.A.P. 312 or an interlocutory order appealable as of right under Pa.R.A.P. 311.  Appellant's Brief at 22-23.  Instead, Mother argues that the order is appealable as a collateral order under Pa.R.A.P. 313.  Specifically, Mother asserts that the order in question meets the three-prong test set forth in Rule 313.

Pursuant to Rule 313(b), "[a] collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost".  Pa.R.A.P. 313(b).  Instantly, the September 17, 2019 order fails to satisfy the requirements of the collateral order doctrine insofar as Mother's challenge to Appellees' standing will not be irreparably lost if review of that issue is postponed until the entry of a final custody order.  ***Beltran v. Piersody***, 748 A.2d 715 (Pa. Super. 2000) (order granting intervenor status

- 3 -

did not qualify as a collateral order because denial of immediate review would not cause claim to be irreparably lost). Indeed, if the trial court eventually awards Appellees custody of Child, Mother will be able to appeal that final order and, at that time, she can challenge the trial court's determination that Appellees had *in loco parentis* standing.

In arguing that the collateral order doctrine is applicable, Mother relies upon this Court's opinion in **K.W. v. S.L.**, 157 A.3d 498 (Pa. Super. 2017). Mother's reliance on this decision is misplaced.

In **K.W.**, this Court found that a father's fundamental right to parent his child required immediate review of the interlocutory order granting *in loco parentis* standing to third-party intervenors who wanted to adopt the father's daughter without his consent. Specifically, in **K.W.**, the appellant unknowingly fathered a child who was placed for adoption two days after she was born. When the adoption agency finally contacted the father two months after the placement, he refused to consent to the adoption. Eventually, the father and the prospective adoptive parents filed competing custody complaints. The trial court granted the prospective adoptive parents *in loco parentis* standing to pursue custody of the child and the father appealed. This Court held that the trial court's standing order was immediately appealable pursuant to the collateral order doctrine because the father's challenge to the prospective parents' standing would be irreparably lost if review of that issue were postponed until the entry of a final custody order. In reaching this conclusion, this Court noted the "unique circumstances" of the case, *i.e.*, a

father was deprived of his child by a private adoption agency without the benefit of a hearing or other due process protections. *Id.* at 504. Such unique circumstances are not present in the instant case. Here, Mother has been actively involved in custody proceedings involving Child, Father and Appellees for many years and continues to have partial physical and shared legal custody of Child. Her challenge to Appellees' *in loco parentis* standing will not be irreparably lost if she is required to wait to raise the issue in any appeal following a final custody order. As the third prong of the collateral order doctrine has not been met, the interim order of September 17, 2019 is an interlocutory order.[1] Accordingly, we are constrained to quash Mother's appeal.

Appeal quashed.

---

[1] This Court's recent memorandum decision in *C.F. v. D.S.*, 2019 WL 5853229 (Pa. Super. Nov. 7, 2019) supports our conclusion. In *C.F.*, mother and father had two children. After they parted ways, mother and father shared custody of the children by mutual agreement. Mother died following a protracted battle with cancer. At the time of her death, the children were living with mother. Maternal aunt filed a petition to intervene and sought custody of the children. The trial court granted maternal aunt's petition to intervene. The trial court also entered a temporary order granting custody of the children to maternal aunt pending a hearing. Father was given periods of partial custody. Father appealed the order granting maternal aunt's petition to intervene. This Court quashed the appeal, as it was an appeal from an interlocutory order. Like Mother, the appellant in *C.F.* relied upon *K.W. v. S.L., supra* in arguing that the order was a collateral order and, therefore, immediately appealable. We rejected that argument on the basis that extraordinary circumstances existed in *K.W.* that did not exist in the current case. Moreover, father's claim would not be irreparably lost if review were postponed. Thus, we quashed father's appeal. We rely upon *C.F.* for its persuasive value. *See* Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/30/2019</u>